UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ATIBA CLARKE                                            CV

                                  Plaintiff,
          -against-                                     **COMPLAINT**

CAPITAL ONE FINANCIAL CORPORATION                       **JURY TRIAL REQUESTED**
AND CAPITAL ONE BANK (USA), NATIONAL
ASSOCIATION

                                  Defendants.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Atiba Clarke (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against defendants Capital One Financial Corporation and Capital One Bank (USA), National Association (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.        This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.  As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that

violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiff Atiba Clarke has been and remains currently a resident of the State and City of New York.

2

6.     At all times relevant to this action, plaintiff Atiba Clarke has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.     Defendant Capital One Financial Corporation owns the property located at 146-21 Jamaica Avenue in Queens County, New York (hereinafter referred to as "146-21 Jamaica Avenue").

8.     Defendant Capital One Financial Corporation is licensed to and does business in New York State.  Defendant Capital One Bank (USA), National Association is licensed to do and does business in New York State.

9.     At all relevant times, defendant Capital One Bank (USA), National Association operates and/or leases property located at 146-21 Jamaica Avenue from the defendant Capital One Financial Corporation (hereinafter referred to as the "Capital One" premises).

10.    Upon information and belief, Capital One Financial Corporation and Capital One Bank (USA), National Association have a written lease agreement.

11.    Upon information and belief, defendants are related companies under common control.

## <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

12.    Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Capital One premises located at 146-21 Jamaica Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

13. The Capital One premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

14. Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

15. Upon information and belief, 146-21 Jamaica Avenue was designed and constructed for first possession after January 26, 1993.

16. Upon information and belief, at some time after January 1992, defendants made alterations to 146-21 Jamaica Avenue, including areas adjacent and/or attached to 146-21 Jamaica Avenue.

17. Upon information and belief, at some time after January 1992, defendants made alterations to the Capital One premises, and to areas of 146-21 Jamaica Avenue related to the Capital One premises.

18. Within the past three years of filing this action, plaintiff attempted to and desired to access the Capital One premises.

19. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

4

20.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

22.     Barriers to access that plaintiff encountered and/or which deter plaintiff from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

Public Entrances:

I.      The public entrance is not accessible. See below.
        *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
        *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*
        *Defendants fail to provide that ALL its public entrances are accessible. See 2014 NYC 1105.1.*

II.     The ramp at the public entrance has a cross slope in excess of 1:48.
        *Defendants fail to provide cross slopes that are not steeper than 1:48 (2.0%) at accessible ramps. See 1991 Standards 4.8.2, 2010 Standards 405.3, and 2014 NYC 405.3.*

III.    The ramp at the public entrance is less than 36 inches wide.
        *Defendants fail to provide a clear width between handrails that is 36 inches minimum at accessible ramps. See 1991 Standards 4.8.3, 2010 Standards 405.5, and 2014 NYC 405.5.*

IV.     The ramp at the pubic entrance lacks a sufficient top landing.
        *Defendants fail to provide a top landing at accessible ramps. See 1991 Standards 4.8.4, 2010 Standards 405.7, and 2014 NYC 405.7.*

*Defendants fail to provide landings that are at least as wide as the ramp runs at accessible ramps. See 1991 Standards 4.8.4(1), 2010 Standards 405.7.2, and 2014 NYC 405.7.2.*
*Defendants fail to provide landings that are at least 60 inches in length at accessible ramps. See 1991 Standards 4.8.4(2), 2010 Standards 405.7.3, and 2014 NYC 405.7.2.*

V.     The ramp as the public entrance lacks handrails on both sides of the ramp.
*Defendants fail to provide the required handrails at accessible ramps. See 1991 Standards 4.8.5, 2010 Standards 405.8, and 2014 NYC 405.8.*
*Defendants fail to provide the required handrails on both sides of accessible ramps. See 1991 Standards 4.8.5(1), 2010 Standards 505.2, and 2014 NYC 505.2.*

VI.    The entrance doorway lacks level maneuvering clearances at the pull side of the double doorway.
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

VII.   There is a change in level at the exterior side of the entrance doorway threshold that is greater than ½ inch high.
*Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.*

Sales and Service Counters:

VIII.  All six (6) teller counters are not accessible. See below.
*Defendants fail to provide that at least one of each type of sales and/or service counter is accessible. See 1991 Standards 7.2(1), 2010 Standards 227.3, and 2014 NYC 1109.12.3.*

IX.    All six (6) teller counters are more than 36 inches above the finish floor.
*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

Public Exits:

*X.*     The public exit, which is also the public entrance, is not accessible as described above.

6

> *Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

23.    Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

24.    As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

25.    Defendants have denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

26.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

27.    Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

28.    Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

29.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible.

30.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible.

31.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

32.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

33.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

34.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

35.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

36.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation

all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.

37.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

38.     Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

39.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

40.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

41.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

42.     28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

43.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

44.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

45.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

46.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

47.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

48.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

49.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

10

50.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

51.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

52.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

53.     In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

54.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

55.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

56.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

57.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

58.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

59.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

60.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

61.     Defendants have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-

107(4).  Each of the defendants have aided and abetted others in committing disability discrimination.

62.     Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

63.     Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

64.     In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

65.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Capital One Financial Corporation continuously controlled, managed and operated the public sidewalk abutting 146-21 Jamaica Avenue, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

66.     Capital One Financial Corporation's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public

accommodation constitutes disability discrimination in a violation of the Administrative Code.

67.     Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

68.     As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

69.     Upon information and belief, defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

70.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

71.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which plaintiff is entitled to an award of punitive damages pursuant to Administrative Code § 8-502.

72.     By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space.  Defendants'
unlawful profits plus interest must be disgorged.

73.     Plaintiff has suffered and will continue to suffer damages in an amount to
be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

74.     Plaintiff realleges and incorporates by reference all allegations set in this
Complaint as if fully set forth herein.

75.     Defendants discriminated against plaintiff pursuant to New York State
Executive Law.

76.     Consequently, plaintiff is entitled to recover the monetary penalty
prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

77.     Notice of this action has been served upon the Attorney General as
required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

78.     Plaintiff will continue to experience unlawful discrimination as a result of
defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief
is necessary to order defendants to alter and modify their place of public accommodation
and their operations, policies, practices and procedures.

79.     Injunctive relief is also necessary to make defendants' facilities readily
accessible to and usable by plaintiff in accordance with the above-mentioned laws.

80.     Injunctive relief is further necessary to order defendants to provide
auxiliary aids or services, modification of their policies, and/or provision of alternative
methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

81.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

82.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the

2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

      C.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.  Award plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

      E.  Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

      F.  Award plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

      G.  Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

      H.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

      I.  For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: December 23, 2019
      New York, New York

                Respectfully submitted,

                **PARKER HANSKI LLC**


                By:____/s_____
                    Glen H. Parker, Esq.
                    Adam S. Hanski, Esq.
                    Robert G. Hanski, Esq.

Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com
Email:ghp@parkerhanski.com
Email:rgh@parkerhanski.com